In re KANSAS OFFICE ASSOCIATES, LTD., Debtor/Appellant.

No. 94–4216–SAC.

Bankruptcy No. 94–40070–11.

United States District Court, D. Kansas.

March 31, 1995.

Charles T. Engel, Cosgrove, Webb & Oman, R. Gregg Wright, Carpenter Professional Ass'n, Joseph I. Wittman, Topeka, KS, for Kansas Office Associates, Ltd.

J. Bradley Pace, John W. McClelland, Christine L. Schlomann, King, Burke, Hershey, Farchmin & Schlomann, Kansas City, MO, for Master Mortgage Investment Fund, Inc.

Laurence M. Frazen, Cynthia L. Dillard, Bryan Cave, Kansas City, MO, for BRT Realty Trust.

## MEMORANDUM AND ORDER

CROW, District Judge.

On November 14, 1994, the debtor/appellant, Kansas Office Associates, Ltd. (KOA) filed a notice of appeal in this case. KOA appeals a November 4, 1994, bench decision of the bankruptcy court, later memorialized in an "Order Conditioning Automatic Stay" filed on November 15, 1994, requiring KOA to make adequate protection payments to Master Mortgage Investment Fund (MMIF) as a condition for continued existence of the automatic stay imposed by 11 U.S.C. § 362. On January 5, 1995, KOA filed its brief. On January 23, 1995, MMIF filed its responsive brief. On February 6, 1995, KOA filed its reply.

This case comes before the court upon BRT Realty Trust's (BRT) motion pursuant to Fed.R.Bankr.P. 8009(a)(3) and D.Kan.Bk. Rule 8006.1(A) requesting leave to file a brief in support of its position given BRT's status as a party in interest. BRT has submitted a proposed brief. The brief essentially supports MMIF's position on appeal. BRT's request to file a brief is opposed by KOA. KOA contends that the rules applicable to this appeal do not allow for BRT to file a brief. KOA also argues that BRT has no appellate standing and that BRT's status as a party in interest does not entitle it to participate in this appeal.

The court, having considered the briefs of counsel, the court file, and the applicable law, deems it unnecessary to resolve the issue of whether BRT has "standing" to file a brief in

support of the position it urges. The primary issue is whether BRT's brief will potentially be of some benefit to the court in resolving the issues presented by this appeal. Having reviewed BRT's proposed brief, the court concludes that the brief may be of some benefit in resolving the pending issues in this case. *See, e.g., In re Morris,* 171 B.R. 999, 1002 (S.D.Ill.1993) (even if party did not have standing to file a brief, the court would still consider it as an amicus curiae brief pursuant to Fed.R.App.P. 29), *aff'd,* 30 F.3d 1578 (7th Cir.1994). Nor is the court convinced that permitting BRT to file a brief supporting MMIF's position will impose an undue hardship on KOA. Therefore, BRT's request is granted.

IT IS THEREFORE ORDERED that BRT Realty Trust's motion to file a brief (Dk. 4) is granted. The clerk of the court shall file BRT Realty Trust's "proposed" brief in this case this day.

IT IS FURTHER ORDERED that KOA may file a brief in response to BRT's brief within twenty days of the date of this order.